OPINION
{¶ 1} Defendant-appellant, Jody Black, appeals the decision of the trial court finding him to be a sexual predator. We affirm the decision of the trial court finding appellant to be a sexual predator. Appellant also appeals the portion of his sentence for the underlying offense ordering him to pay the cost of his court-appointed counsel. We reverse that order by the trial court and remand the case for a determination of appellant's ability to pay.
 {¶ 2} In January 2002, appellant was charged by information with unlawful sexual conduct with a minor in violation of R.C. 2907.04(A), a fourth-degree felony. The charge stemmed from appellant's sexual conduct with a fourteen-year-old girl who was a friend of his son. Appellant subsequently pled guilty to the offense and was sentenced to 15 months in prison. After a hearing, the trial court also determined that appellant was a sexual predator.
 {¶ 3} Appellant now appeals the trial court's decision finding him to be a sexual predator and the portion of his sentence ordering him to pay counsel costs. Appellant assigns two errors.
Assignment of Error No. 1
 {¶ 4} "The trial court erred to the prejudice of defendant-appellant in conducting the sexual offender classification hearing and in finding him to be a sexual predator."
 {¶ 5} In this assignment of error, appellant argues that the trial court violated his due process rights by considering a presentence investigation report and a victim impact statement that were not entered into evidence at the sexual predator hearing. Appellant also argues that the trial court's decision finding him to be a sexual predator is not supported by clear and convincing evidence in the record.
 {¶ 6} In support of his argument that the trial court violated his due process rights, appellant argues that the trial court failed to follow the procedures set forth in R.C. 2950.09(B)(2). Among other things, R.C. 2950.09(B)(2) required the trial court to allow appellant an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses.
 {¶ 7} The rules of evidence do not strictly apply at sexual predator hearings. State v. Cook, 83 Ohio St.3d 404, 425, 1998-Ohio-291. It is well-established that a trial court may consider reliable hearsay such as presentence investigation reports when making a sexual predator determination. Id. A trial court may also consider victim impact statements when making a sexual predator determination. State v. Boshko
(2000), 139 Ohio App.3d 827, 840; State v. Southerland (Dec. 30, 1999), Butler App. No. CA99-01-013. Further, a trial court may consider all records from the underlying criminal case. State v. Becker, Butler App. No. CA2001-02-022, 2001-Ohio-8620, citing State v. Eppinger,91 Ohio St.3d 158, 166, 2001-Ohio-247.
 {¶ 8} We reject appellant's due process argument. The trial court could consider the presentence investigation report and the victim impact statement in making its sexual predator determination. Appellant was not denied due process because these documents were not admitted into evidence. Pursuant to R.C. 2950.09(B)(2), appellant was afforded the opportunity to testify, present evidence, present witnesses, and cross-examine witnesses at the hearing. Appellant had the opportunity to present to the trial court any evidence indicating that he was not likely to commit another sexually-oriented offense, and to challenge any testimony presented by the state at the hearing. We do not find that the trial court's consideration of the documents denied appellant his due process rights. Appellant was provided with "notice [of the hearing] and an opportunity to be heard," and the requirements of R.C. 2950.09(B)(2) were met. See State v. Ward (1999), 130 Ohio App.3d 551, 557-558.
 {¶ 9} We now address appellant's argument that there was not clear and convincing evidence in the record indicating that he is a sexual predator. A sexual predator is statutorily defined as "a person who has been convicted of, or pleaded guilty to, committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). Appellant does not contest that the offense for which he was convicted was a sexually-oriented offense.
 {¶ 10} If a trial court finds a defendant to be a sexual predator, it must do so by clear and convincing evidence in the record. R.C. 2950.09(B)(4). Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Schiebel (1990),55 Ohio St.3d 71, 74, quoting Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} R.C. 2950.09(B)(3)(a) through (j) lists the factors a trial court must consider in determining whether a person is a sexual predator likely to commit another sexually-oriented offense in the future. Statev. Thompson, 92 Ohio St.3d 584, 587-588, 2001-Ohio-1288. Those factors, summarized as follows, include, but are not limited to: appellant's age, prior criminal record, victim's age, whether multiple victims were involved, whether drugs and alcohol were used to impair the victim, whether appellant participated previously in sexual offender treatment, appellant's mental illness or mental disability, the nature of appellant's sexual conduct, sexual contact, or interaction in a sexual context with the victim, whether that conduct or contact was part of a demonstrated pattern of abuse, whether cruelty displayed or threats made to the victim, and any additional behavioral characteristics that contribute to appellant's conduct. R.C. 2950.09(B)(3).
 {¶ 12} The trial court's determination that appellant is a sexual predator is supported by clear and convincing evidence in the record, most significantly, the report of Dr. Bobbi Hopes, a forensic psychologist. Dr. Hopes stated in her report that appellant's risk of recidivism is "moderate to high." Dr. Hopes cited appellant's extensive criminal history and the fact that appellant had committed offenses while on probation as strong indicators of likely recidivism. Dr. Hopes also concluded that appellant's prognosis for treatment was poor, in large part due to his continued use of alcohol. According to Dr. Hopes' report, appellant has been drinking heavily since the age of 15.
 {¶ 13} Appellant's scores on two tests performed by Dr. Hopes also show a substantial risk of recidivism. Appellant's score on the Violence Risk Appraisal Guide indicated that there was a 48 percent chance that he would commit a violent offense within 10 years after his release from prison. Appellant's score on the Sex Offender Risk Assessment Guide indicated that there was a 59 percent chance that he would commit another sex offense within ten years after his release.
 {¶ 14} The details of the offense also support the conclusion that appellant is a sexual predator. Appellant supplied alcohol to the victim and several of her friends. The victim and her friends drank the alcohol in appellant's home with appellant's fifteen-year-old son. Appellant eventually escorted the victim, who was intoxicated, to a bedroom where he sexually assaulted her. The victim was 14 years old at the time of the offense while appellant was 33.
 {¶ 15} Given all the evidence in the record, we find that the trial court did not err in determining that appellant was a sexual predator. Clear and convincing evidence supports the trial court's decision. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 16} "The trial court erred to the prejudice of defendant-appellant by requiring defendant-appellant to pay the costs of court appointed counsel fees as part of his sentence, which portion of the sentence was contrary to law and not supported by the record."
 {¶ 17} In this assignment of error, appellant argues that the trial court erred by ordering him to pay the cost of his court-appointed counsel without making an affirmative determination on the record of his ability to pay.
 {¶ 18} The state concedes that the trial court erred. We agree and sustain appellant's second assignment of error. We find no indication in the record that the trial court affirmatively determined appellant's ability to pay the cost of his court-appointed counsel. There is no information in a presentence investigation report or any other portion of the record regarding appellant's ability to pay. The portion of appellant's sentence ordering him to pay the cost of his court-appointed counsel is hereby reversed and the matter remanded for a determination pursuant to R.C. 2941.51(D) regarding appellant's ability to pay that cost.
 {¶ 19} Judgment affirmed in part, reversed in part and remanded to the trial court for further proceedings according to law and consistent with this opinion.
YOUNG, P.J., and WALSH, J., concur.